UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **LINDA UFFMAN,** | CIVIL ACTION NO. 5:23-cv-06-KKC |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| **ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Linda Uffman's motion to remand and request for attorney fees. (DE 7). For the following reasons, the Court will GRANT the motion to remand but DENY the request for fees.

I.

On December 9, 2022, Uffman filed a complaint against Allstate in Fayette Circuit Court for uninsured motorist benefits, negligent training, and claims under Kentucky's Unfair Claims Settlement Practices Act and Consumer Protection Act. (DE 1-3, Complaint). In Count I, the UIM claim, Uffman stated damages "in excess of the minimum jurisdictional requirements of this Court but less than $75,000." (*Id.* at ¶ 8). In each of the other Counts, Uffman included an incorporation clause for the preceding paragraphs. However, Uffman claimed past, present, and future pain and suffering, medical expenses, lost wages, impairment to earn, statutory damages, and more in Count II. (*Id.* at ¶ 20). She claimed "compensatory damages, punitive damages, and attorneys' fees in Count III. (*Id.* at ¶ 24). And she claimed damages for Count IV. (*Id.* at ¶ 29).

On January 13, 2023, Allstate removed the action to this Court. Allstate acknowledged that Uffman contended her bodily injuries for which she sought UIM benefits were less than $75,000. But Allstate also stated that Uffman did "not include in that stipulation her agreement not to seek damages in excess of $75,000 for her extra-contractual claims for violation of the KUSCPA and KCPA – for which she specifically seeks an additional recovery of compensatory damages; actual, consequential, incidental and foreseeable damages; punitive damages, attorney fees and prejudgment interest – as well as those attributable to her negligent training and supervision claim . . . ." (DE 1 at ¶ 9). According to Allstate, Uffman's stipulation in paragraph 8 of her complaint was not an unequivocal statement limiting her damage. Thus, the amount in controversy exceeded the requirement and removal was proper. (*Id.* at ¶ 20-21).

Uffman argues that Allstate's "deliberate indifference" to the actual amount in controversy warrants remand and the imposition of attorney fees. The Court will take these issues in turn.

## II. Remand

When a case is removed to federal court on the basis of diversity jurisdiction, the federal court will not have subject matter jurisdiction unless there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, there is no dispute over diversity of citizenship. And there is really no dispute as to the amount in controversy *as of now*. Uffman has filed a stipulation alongside her motion that states she "will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief." (DE 7-6). She further avers that "this stipulation is intended to be unequivocal and binding on Plaintiff." In light of this stipulation, Allstate does not contest remand.

The Sixth Circuit has held that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). However, "courts . . . have also recognized that while a plaintiff may not *reduce* or *change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Clements v. Safeco Ins. Co. of Am.*, No. CV 5:07-428-JMH, 2008 WL 11344899, at *1 (E.D. Ky. Mar. 7, 2008); *see also Stephenson v. Seedbach & Co.*, LLC, No. 120CV00139GNSHBB, 2021 WL 707659, at *2 (W.D. Ky. Feb. 23, 2021). Uffman has maintained that she never sought to obtain damages in excess of $75,000 and that the incorporation clauses in each successive count of her complaint always meant that the action, as a whole, was limited to $74,999. Her present stipulation is unequivocal. *See Leavell v. Cabela's Wholesale, Inc.*, No. 3:15-CV-00809-JHM, 2015 WL 9009009, at *2 (W.D. Ky. Dec. 15, 2015) (holding as sufficient a post-removal stipulation with nearly identical language to Uffman's). Because Uffman's post-removal stipulation clarifies, rather than changes the amount in controversy and Allstate does not contest remand, the Court will remand the action to Fayette Circuit Court.

### III. Attorney Fees

Uffman argues that Allstate improperly removed this action and the Court should impose reasonable attorney fees. Allstate argues that its removal was in no way so improvident as to justify the imposition of fees, as the complaint contained no unequivocal stipulation that the damages sought, in total, would not exceed the jurisdictional requirement and a fair reading of the complaint suggested an amount in controversy over $75,000.

A district court has discretion to award attorney fees under 28 U.S.C. § 1447(c). To impose fees, the court need not make a finding of bad faith, improper purpose, or vexatious or wanton conduct. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). But here, when

the case involves removal, a court may only award fees when the removing party lacked an objectively reasonable basis for seeking removal. *Gambrel v. Am. Nat'l Ins. Serv. Co.*, No. CV 6:16-302-KKC, 2017 WL 2840308, at *2 (E.D. Ky. July 3, 2017) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Here, Allstate had an objectively reasonable basis for removal. At the time of removal, there was no dispute that Uffman sought $50,000 in UIM benefits. On top of that, Uffman's complaint requested compensatory and punitive damages pursuant to alleged violations of KRS 304.12-230 (Unfair Claims Settlement Practices) and KRS 367.170 (Consumer Protection Act). Uffman also requested statutory fees, which can be included in determining the jurisdictional amount in controversy. *Hampton v. Safeco Ins. Co. of Am.*, No. CIV.A. 13-39-DLB, 2013 WL 1870434, at *1 (E.D. Ky. May 3, 2013), aff'd, 614 F. App'x 321 (6th Cir. 2015) (citing *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009)). The potential for these fees, coupled with the UIM claim, more than suggested that the total amount in controversy would exceed $75,000. *See Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 3360670, at *2 (W.D. Ky. Aug. 4, 2011); *Hampton v. Safeco Ins. Co. of Am.*, No. CIV.A. 13-39-DLB, 2013 WL 1870434, at *1 (E.D. Ky. May 3, 2013), aff'd, 614 F. App'x 321 (6th Cir. 2015) ("This is especially true considering that Plaintiff also sought punitive damages for Defendant pursuant to KRS § 304.12–230 in her Complaint."). Even if Uffman's UIM recovery were capped or reduced by policy limits, Uffman made numerous extra-contractual common law and statutory claims.

Uffman cites two cases to support her argument that an award of fees is appropriate here. First, in *Marcum v. State Farm*, the court remanded the action and awarded the plaintiff attorney fees in a claim for UIM benefits. The court held that State Farm did not meet its burden of establishing the requisite amount in controversy. It stated that the amount was unclear from the

complaint and State Farm "removed this action without filing interrogatories with respect to the specific amount of damages claimed by the Plaintiff or without otherwise investigating the specific monetary amount sought to be recovered through the litigation." No. CIV.A. 6:07-269-DCR, 2007 WL 2461623, at *3 (E.D. Ky. Aug. 22, 2007). Uffman cites this case for the assertion that Allstate was required to take discovery into the amount in controversy before removing the case to federal court. Marcum's complaint, however, was clear as to the amount in controversy. All Marcum requested was the UIM benefits under the applicable policy—no other damages. Unlike Uffman, Marcum did not include bad faith statutory claims under KRS 304.12-230. *Id.* at *2 ("Based on the unambiguous language of his Complaint, it is clear that Marcum is asserting a contract claim for underinsured benefits of up to $50,000.00. He has not made a claim of bad faith on the part of State Farm. Likewise, he has not asserted a claim against State Farm under the Kentucky Unfair Claim Settlement Act, KRS 304.12–230.").

Second, in *Caudill v. Ritchie*, the court awarded attorney fees when the removing party failed to present evidence establishing that the amount in controversy exceeded the jurisdictional requirement. But in *Caudill*, there was "no evidence" in the complaint as to the amount in controversy. No. CIV.A. 09-28-ART, 2009 WL 1211017, at *4 (E.D. Ky. May 1, 2009). The *Caudill* court did not hold that pre-removal discovery was a requirement in every case. The court acknowledged that a fair reading of the complaint could be sufficient to show the amount in controversy. *Id.* (citing *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001)). It was merely insufficient in *Caudill* because there was a "complete absence of any evidence as to the amount in controversy." *Id.* The situation here is different. Uffman's UIM claim and various extra-contractual claims provided an objectively reasonable basis for seeking removal. Uffman's reliance on *Caudill* is misplaced.

Finally, Uffman argues that removal was inappropriate because she stipulated to damages of less than $75,000 in her complaint. Uffman did make a stipulation under Count I of her complaint that her "personal injuries and damages, including past and future medical expense, past and future pain and suffering, loss of enjoyment of life, past and future wage loss, and impairment of her ability to work" were less than $75,000. (DE 1-3 at ¶ 8). She did not make any additional specific stipulations under any other count in her complaint. Instead, Uffman placed a standard incorporation clause under each additional count. (*Id.* at ¶¶ 9, 21, 25). Thus, the issue here is whether those stipulations, made in context with the limiting stipulation in Count I, made Allstate's removal so objectively unreasonable as to warrant the imposition of fees.

Only "unequivocal" statements limiting damages are acceptable to clarify the amount in controversy. *Willoughby v. Allstate Prop. & Cas. Ins. Co.*, No. CV 5:19-041-KKC, 2019 WL 1500666, at *1 (E.D. Ky. Apr. 5, 2019) (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)). Merely demanding judgment for damages of less than $75,000 is ambiguous and equivocal. *See id.* ("The statement is even more ambiguous regarding the amount in controversy given that, under Kentucky Rule of Civil Procedure 54.03(2), the state court must grant the plaintiff the amount she is entitled to, regardless of whether she demanded that amount in her complaint."). This is especially true when the plaintiff alleges bad faith and seeks compensatory and punitive damages. *Id.* Federal courts have recognized a stipulation that a plaintiff will "neither seek nor accept" damages greater than $75,000 is sufficiently unequivocal. *Coppola v. Wal-Mart Stores E., LP*, No. 16-67-GFVT, 2016 WL 4491838, at *3 (E.D. Ky. Aug. 25, 2016). But even a stipulation that a plaintiff will not "ask for" more than $75,000 are deemed too equivocal. *Id.* (collecting cases).

Here, the stipulation in Uffman's complaint was not sufficiently unequivocal as to make Allstate's removal unreasonable. She merely stated that she would not seek damages over $75,000. Even if that language was effectively incorporated into Uffman's additional statutory and common law claims, it would remain too equivocal.

## IV.

Accordingly, the Court hereby ORDERS that Uffman's motion to remand (DE 7) is GRANTED and this matter is REMANDED to Fayette Circuit Court. The Court will not award attorney fees.

This 14th day of April, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY